(111 So. 922)

Gilbert JACKSON et al. v. J. W. WHITE. (6 Div. 742.) (Supreme Court of Alabama. March 24, 1927.) Appeal from Circuit Court, Walker County; Ernest Lacy, Judge. Action by J. W. White against Gilbert Jackson and J. B. Randolph. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed. Plaintiff sued defendants in a justice's court for damage done to his automobile; the allegation being that defendants' servant, driving their motor truck along a public street in Jasper, negligently ran it against plaintiff's car. Plaintiff recovered judgment for $50, and defendants appealed to the circuit court, where trial was had on a complaint charging simple negligence in one count, and wanton injury in the other.

[1] 21 Ala. App. 671.

Defendants pleaded not guilty and contributory negligence and also set-off of their own damage suffered in the same collision by reason of plaintiff's negligence. Defendants requested in writing the general affirmative charge as to each count of the complaint, and some special charges, all of which were refused. The jury found for plaintiff for $25, and, from judgment thereon, defendants appeal.

Ray & Cooner, of Jasper, for appellants.

Counsel discuss the questions raised, and cite L. & N. v. Williams, 172 Ala. 560, 55 So. 218; Munson S. S. Line v. Harrison, 200 Ala. 504, 76 So. 446; Wood v. R. & D. Co., 100 Ala. 660, 13 So. 552; L. & N. v. Hall, 87 Ala. 708, 6 So. 277, 4 L. R. A. 710, 13 Am. St. Rep. 84; Kilby F. & S. Co. v. Jackson, 175 Ala. 125, 57 So. 691; Southern R. Co. v. Benefield, 172 Ala. 592, 55 So. 252, 35 L. R. A. (N. S.) 420.

Gray & Powell, of Jasper, for appellee.

Counsel discuss the questions raised, but without citing authorities.

SOMERVILLE, J. The trial judge instructed the jury fully, fairly, and clearly as to the principles of law applicable to the facts in evidence, and counsel for appellants concede that the questions for review are whether there was any evidence tending to show that defendants were guilty of negligence under either count of the complaint, and whether, under the first count, plaintiff was not guilty of contributory negligence as a matter of law; those questions being presented by the refusal of several affirmative charges requested by defendants. The issues of defendants' negligence, and of plaintiff's contributory negligence, under the first or simple negligence count, were plainly questions of fact for the jury under the evidence, and the affirmative charges requested by defendant thereon were properly refused. As to the issue of wanton injury under the second count, it must be conceded that the conclusion of wantonness rests upon doubtful inference, but, if the jury believe plaintiff's testimony as to the positions and movements of the two cars as they approached the point of collision, they might have properly found that defendants' driver ran his car into plaintiff's car by driving straight ahead at a reckless speed, seeing and knowing that he would do so if he did not turn and head towards the left, and so have further found that he neglected a precaution within his power, so obviously dangerous to the car in front of him as to indicate wanton neglect and wanton injury. Minds might easily differ as to that, but we do not think the question of wantonness could have been properly taken from the jury, as requested by defendants. Our conclusion is that no error is shown, and the judgment should be affirmed. Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.